IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NAOMI GRANT, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:14-CV-00133-RWS |
| DEUTSCHE BANK NATIONAL : | |
| TRUST COMPANY, as Trustee : | |
| for the First Franklin Mortgage : | |
| Loan Trust Series 2005-FFH4 : | |
| Mortgage Pass-Through : | |
| Certificates, and BANK OF : | |
| AMERICA, N.A., as successor by : | |
| merger to BAC Home Loans : | |
| Servicing, LP f/k/a Countrywide : | |
| Home Loans Servicing, LP, : | |
| : | |
| Defendants. : | |

**ORDER**

This case is before the Court for consideration of Plaintiff's request for preliminary injunctive relief in her Complaint [1-1]. On August 1, 2005, Martin Michael received a loan in the amount of $322,000 from Deutsche Bank's predecessor-in-interest. To secure the loan, Michael also executed a Security Deed. That same day, Michael granted the property by Warranty Deed to himself and Plaintiff Naomi Grant as joint tenants with right of survivorship.

AO 72A
(Rev.8/82)

(Warranty Deed, Dkt. [2-2].)  The Warranty Deed specifically conveyed the property subject to the mortgage loan.  After Michael defaulted on the loan, Deutsche Bank sold the property at a foreclosure sale.  Plaintiff initiated this action in the Superior Court of Fulton County to enjoin Defendants from taking possession of the subject property and to recover damages for various federal and state-law claims.  Defendants timely removed this action pursuant to 28 U.S.C. §§ 1331 and 1332.

To obtain a preliminary injunction, the moving party must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the movant outweighs the damage to the opposing party; and (4) granting the injunction would not be adverse to the public interest.  Four Seasons Hotels & Resorts v. Consorcio Barr, 320 F.3d 1205, 1210 (11th Cir. 2003).  "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." United States v. Jefferson Cnty., 720 F.2d 1511, 1518 (11th Cir. 1983) (quoting Canal Auth. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974)).

The Court finds that Plaintiff has failed to establish a substantial

likelihood of success on the merits of her claims.  Plaintiff argues that she should not be evicted from the property because she was not a party to the loan or Security Deed, and thus her joint interest in the property remains undisturbed.  However, the Warranty Deed expressly conveyed the property subject to the mortgage.  Moreover, it is undisputed that Michael defaulted on the loan.  In light of these facts, Plaintiff has failed to show a substantial likelihood of success on the merits, and therefore her request for a preliminary injunction [1-1] is **DENIED**.

**SO ORDERED**, this   25th   day of February, 2014.


_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)